26 C.C.P.A. (Patents)

## PEPSODENT CO. v. PEPSINIC SELTZER CO.

### Patent Appeal No. 4134.

Court of Customs and Patent Appeals.

May 1, 1939.

Rehearing Denied June 15, 1939.

Parkinson & Lane, of Chicago, Ill. (Wallace R. Lane and George Mankle, both of Chicago, and William S. Hodges, of Washington, D. C., of counsel), for appellant.

Albert E. Fay, of New York City (Charles R. Allen, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining the opposition of appellee to registration, under the Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the notation "Pepso-Seltzer" for use by appellant as a trade-mark for "effervescent alkalizing analgesic," the second word, "Seltzer," being "disclaimed apart from the mark as shown," and use being claimed "since May 20, 1936."

In its notice of opposition appellee plead its registration of the notation "Pepsinic Seltzer 'Amelotte'," dated May 10, 1921, for effervescent salt for use in cases of headache, heartburn, indigestion, etc., a copy of which registration was filed and "made a part of this opposition." The mark was registered under the Act of March 19, 1920. 15 U.S.C.A. § 85. Use of

it was alleged "continuously since on or about October 10, 1916."

It is conceded that the goods of the respective parties are of the same descriptive properties.

The notice of opposition was filed in the Patent Office October 20, 1936, and on December 7, 1936, appellant moved to dismiss the same on various grounds. This motion was denied by the Examiner of Interferences who held in a decision rendered December 21, 1936, that appellant (under the facts alleged in the notice) should file an answer or waive the right to do so if it wished to stand upon the "merely negative defenses raised by the motion to dismiss." It was further held that if such waiver were made, opposer would be given an opportunity to take testimony "to establish any facts in the nature of mere statements of evidence, the inclusion of which in a notice of opposition is inhibited by federal Equity Rule 25, 28 U.S.C.A. following section 723, provided only that the opposer shall make request therefor in writing not later than ten days after the filing" of the waiver, and that applicant would be given an opportunity to take testimony in rebuttal.

On December 28, 1936, applicant filed a waiver electing "to stand on the defenses raised in and by its motion to dismiss" which, as applicant conceded, had the effect of admitting "all well pleaded averments in the notice of opposition."

Notwithstanding this waiver, opposer, in January 1937, proceeded to take testimony. Applicant was not represented at the taking of opposer's testimony nor did it offer any testimony in rebuttal. In the testimony so taken by opposer the word "Amelotte" appearing in its registered mark was totally disregarded and reference was made throughout only to the words "Pepsinic Seltzer." One witness did testify that the formula for the "Pepsinic Seltzer" preparation was originated by a Mr. Amelotte, and it was said during the argument before us that this accounts for the word "Amelotte" in the registered mark. It is perfectly clear that, so far as the testimony is concerned, opposer limited itself to "Pepsinic Seltzer," which is not proven ever to have been registered, except in connection with "Amelotte."

In its notice of opposition appellee stated: "2. Attached hereto is a specimen of one of opposer's labels showing by way of illustration how opposer's said trade mark is, and continuously since long prior to applicant's adoption of the mark sought to be registered by the applicant herein opposed has been, used."

No particular label is identified as having been filed with the notice, but appellee during its taking of testimony introduced quite a number of specimens as exhibits. Most of them have the full mark, "Pepsinic Seltzer 'Amelotte'," imprinted thereon, but one of them has only the words "Pepsinic Seltzer." This specimen bears the notation "Trade Mark Reg.," appearing immediately underneath a heart shaped design upon which are printed the words "The Seltzer That Won't Affect The Heart." This specimen is clearly identifiable as one of those introduced during the taking of the testimony. It is referred to in the testimony as a "gold label," it having a gilded background, and it is stated that it was "adopted in 1936."

The notice of opposition did not plead any such mark, nor did it therein aver the use of "Pepsinic Seltzer" alone, although it did compare "Pepsinic Seltzer" with "Pepso-Seltzer," alleging that both have the same suggestive significance.

In his decision sustaining the opposition, the Examiner of Interferences said, inter alia: "Opposer here relies upon its use of the marks 'Pepsinic Seltzer' or that notation in association with the word 'Amelotte.' These are disclosed by the specimens filed by the opposer."

In its appeal to the commissioner appellant alleged that the Examiner of Interferences erred in holding that opposer was entitled, under the recitals of its notice of opposition, to show use of any trade-mark in its business other than the registered mark, and that it was error to hold that opposer "had any right to claim as its trade-mark Pepsinic Seltzer" separate and apart from the word "Amelotte".

The commissioner said: "The proceeding went to final hearing before the examiner of interferences on the notice of opposition and applicant's motion to dismiss. Opposer nevertheless took testimony, to much of which applicant, for various reasons, has objected. As I find it unnecessary to consider opposer's evidence, such objections need not be passed upon."

It is quite clear from the commissioner's decision that in reaching his conclusion he compared the full mark of opposer with that of applicant. He said, inter alia: "In my opinion the inclusion in opposer's mark

of the name 'Amelotte' is not of controlling importance. Even in the absence of testimony to that effect it seems reasonable to assume that opposer's product is known and called for merely as 'Pepsinic Seltzer,' and the close similarity between that notation and applicant's mark 'Pepso Seltzer' is manifest. The occurrence in opposer's mark of the word 'Amelotte' is not to be disregarded, but in view of the substantial identity of the goods of the parties I do not consider it sufficient to render the two marks in their entireties so dissimilar as to insure against the probability of confusion."

In a request for reconsideration, which the commissioner denied, appellant suggested another consideration growing out of the use of the notation "Trade Mark Reg." on the "gold label" specimen which did not carry the word "Amelotte," and this issue is raised in the reasons of appeal before us. It is to the effect that opposer "is obviously holding out to the world that it is the owner of something other than what it has registered"; that its use in the manner described was a "dishonest use," and that by it "opposer has forfeited any rights which it might have had under the trademark statute." By this last we assume that it is meant as a contention that opposer forfeited any right to oppose appellant's registration.

The foregoing respecting the testimony has been set forth in order that all of appellant's contentions before us may be understood.

The failure of the commissioner to pass upon the issue raised as to appellee's alleged "dishonest use" of the particular label described was doubtless due to the fact that he did not find it necessary to consider the evidence which appellee offered and the facts appeared only in that evidence.

■ There was in fact no assignment which covered the contention of "dishonest use" in the appeal taken to the commissioner, and, so far as the record shows, it was first raised in the request for reconsideration. We do not think the commissioner erred in failing to pass upon it, nor is it necessary that we pass upon it here under our view of the case.

We agree that upon the record presented, the marks proper to be compared are "Pepsinic Seltzer 'Amelotte' " and "Pepso-Seltzer" and the sole question is whether there would be likelihood of confusion if the two marks were used on goods of the same descriptive properties.

■ It is proper to say that inasmuch as appellee's registration is under the Act of March 19, 1920, it may not, as a registration, be relied upon as a basis for opposition, but appellee does have the right to oppose, based upon its use of the mark. Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F.2d 1068, 18 C.C.P.A., Patents, 1507. Use was averred in its notice of opposition and stands admitted by appellant's waiver of answer.

■ It is our opinion that the commissioner reached the correct conclusion. We hold this after comparing the respective marks as entireties. Certainly appellant's entire mark "Pepso-Seltzer" is confusingly similar to the first part of appellee's mark. We do not agree with appellant's contention that "Amelotte" is the dominant part of appellee's mark. When the character of the merchandise is considered, the contrary, in our opinion, would be true.

The cases cited by counsel for appellant have been carefully examined. In no one of them, however, do we find a state of facts which renders it persuasive here.

The decision of the commissioner is affirmed.

Affirmed.